## MACOON *v.* TOWN OF BERLIN.

*Pauper.   Gen. Sts. c. 20, s. 13.*

In February, 1871, H., the pauper,in question, then an aged woman, having a legal settlement in the town of M., went to plaintiff's house in the defendant town, desiring to remain, and an arrangement was made by which plaintiff was to keep her for seventy-five dollars a year, which her daughter subsequently paid,,and agreed to pay the same for keeping her another year, but did not, but plaintiff kept her without giving notice to defendant's overseer of the poor that she needed relief, until March 24, 1873. Upon such notice then being given, the overseer informed plaintiff that the settlement of H. was in M., and refused aid. During all this time, and through the summer of 1873, H., though feeble, was in full possession of her mental faculties, and able to walk to and from M., and visit among the neighbors. *Held,* that H. was not a *transient person* within the meaning of s. 13, c. 20, of the Gen. Sts.

CASE under s. 13, c. 20, Gen. Sts., for the support of Hannah Parker, an alleged transient pauper. Plea, the general issue, and trial by the court, August Term, 1875, REDFIELD, J., presiding.

It appeared that the legal settlement of said Hannah was in the town of Montpelier; that in February, 1871, the said Hannah, who was then seventy-three years old, went to plaintiff's house in Berlin, with the desire to remain ; that within a few days thereafter, it was agreed between the plaintiff and the said Hannah that the plaintiff should keep her a year for the sum of $75 ; that the plaintiff kept her a year as agreed, and that said sum was paid by the daughter of the said Hannah, then resident in Chi-

cago.; that the daughter agreed to pay a like sum for the next year ; and that the plaintiff kept the said Hannah a second year under that contract, but that the daughter was unable to pay as she had agreed, and that for the second year the plaintiff received no pay.

It further appeared that on March 24, 1873, the plaintiff first applied to the town of Berlin for help ; that the said Hannah was then old and feeble, and in want of relief; that the overseer, upon examination of the matter, informed the plaintiff that the said Hannah's settlement was in Montpelier, and that the plaintiff must not keep her on the credit of the town of Berlin, for that said town would pay nothing for her support ; that at the time the said Hannah came to the plaintiff's, and up to the time of the trial, she was in full possession of all her mental faculties, and capable of exercising her choice in place of residence ; that she walked from Montpelier to the plaintiff's in February, 1871, and that during the two succeeding years she frequently walked to Montpelier and back to the plaintiff's on the same day, and to the neighbors on visits ; that in the summer of 1873, after application had been made to the overseer of the poor of the town of Berlin by the plaintiff, she went to Montpelier twice, and visited among the neighbors; that she had no goods save wearing apparel and the like.

This suit was brought by the plaintiff on May 12, 1874, upon the claim to recover for the board of the said Hannah for fifty-nine weeks.

Upon the foregoing facts the court rendered judgment, *pro forma*, for the plaintiff; to which the defendant excepted.

*Carpenter & Plumley*, for the defendant, cited *Brownington* v. *Charleston*, 32 Vt. 44; *Pittsford* v. *Chittenden*, 44 Vt. 382 ; *Stamford* v. *Readsboro*, 46 Vt. 606.

*F. V. Randall*, for the plaintiff, cited Gen. Sts. c. 20, s. 13 ; *Houghton* v. *Danville*, 10 Vt. 537.

The opinion of the court was delivered by

Ross, J. The liability of towns to support paupers is wholly imposed and regulated by statute. The general supervision and

control of their support is intrusted to a special officer of the town, denominated the overseer of the poor.   Unless by contract entered into by vote of the town in a legally warned town meeting, the town is not liable to third parties for the support of paupers found within its limits, with the exception of transient paupers, unless by contract entered into with its overseer of the poor. This is in accordance with not only the plain provisions of the statutes (Gen. Sts. c. 20), but the repeated decisions of this court.   It is found by the County Court that the overseer of the poor of the defendant absolutely refused to contract with the plaintiff for the support of Mrs. Parker, and plainly told her that the town would not pay her for such support.   If, therefore, the plaintiff is entitled to recover, it must be by virtue of the provisions of section 13 of chapter 20, relative to the support of transient paupers.   Such pauper may or may not have a legal settlement in some town other than the one in which he is suddenly taken sick or lame, or otherwise disabled, and confined at the house of some individual, or in the county jail.   The individual at whose house the pauper is confined, or the jailer, is charged with the support of the pauper until he shall represent his situation to the overseer of the poor of the town, and thereafter such town is charged with the pauper's support, with the right to recover the expense of the same from the town in which the pauper has a legal settlement, if the pauper has any such settlement in any town within the state.   All the provisions of this section are so worded and expressed that they apply only to such paupers as are non-residents of the town, and who, while passing through the town, become confined within such town by sudden misfortune or casualty, or by the arm of the law.   If a pauper who is a resident of the town, quarters upon a private citizen, and the overseer of the poor refuses to furnish the needed relief, the citizen must either turn the pauper out of doors, or carry and leave him on the hands and premises of the overseer of the poor.   If the pauper have a legal settlement in some other town, the overseer can rid his town of the support of the pauper by an order of removal.   From the facts found by the County Court, it is entirely apparent that Mrs. Parker was in no sense a transient pauper.

She was not away from her place of abode on her passage through the town, and suddenly, by some casualty or misfortune, confined to the house of the plaintiff. She went to the town of Berlin to reside with the plaintiff, because she chose to reside there rather than elsewhere. She had resided there with the plaintiff three years anterior to the time during which the plaintiff seeks to recover for her support in this action. All this time her legal settlement was in the adjoining town of Montpelier. She was able to be removed to that town. To hold that such a person is a transient pauper, would reverse all the decisions of this court on the subject, and virtually repeal the statutes relating to the support of paupers. It may be said that it is a hardship to cast upon this plaintiff the support of this pauper. If so, the law has made it such. It would be somewhat of a hardship to cast upon the defendant the support of this pauper with no right to recover from Montpelier, where she has a legal settlement, for such support under this form of proceeding. If the overseer of the poor of the defendant was not inclined voluntarily to take legal measures to procure an order of removal of the pauper, the plaintiff could easily have brought him to that necessity by carrying the pauper to him and leaving her on his hands.

The *pro-forma* judgment of the County Court is reversed, and judgment rendered for the defendant to recover its costs.